261 P.3d 445

**John F. HOGAN, Plaintiff/Appellant,**

v.

**WASHINGTON MUTUAL BANK, N.A.; California Reconveyance Company; JPMorgan Chase Bank, N.A., Defendants/Appellees.**

No. 1 CA–CV 10–0383.

Court of Appeals of Arizona, Division 1, Department E.

July 26, 2011.

562

Law Office of Douglas C. Fitzpatrick By Douglas C. Fitzpatrick, Sedona, Attorney for Plaintiff/Appellant.

Maynard Cronin Erickson Curran & Reiter, P.L.C. By Douglas C. Erickson, Jennifer A. Reiter, Phoenix, Attorneys for Defendants/Appellees.

**OPINION**

SWANN, Judge.

¶ 1 John Hogan appeals from the dismissal of his amended complaint against Long Beach Mortgage Company ("Long Beach"), Washington Mutual Bank ("Washington Mutual"), and JPMorgan Chase Bank ("Chase"). Hogan's action sought to prevent a trustee's sale noticed by Washington Mutual, assert-ing, among other things, that Washington Mutual had not demonstrated it was entitled to enforce the underlying promissory note. For the following reasons, we affirm.[1]

*FACTS AND PROCEDURAL HISTORY*

¶ 2 Hogan is the owner of real property in Yavapai County, which is subject to a deed of trust recorded August 4, 2004, to secure a loan from Long Beach. In May 2007, a Notice of Substitution of Trustee was recorded in which "Washington Mutual Bank, Successor in Interest to Long Beach Mortgage Company" appointed California Reconveyance Company ("CRC") as the Trustee for the deed of trust.

¶ 3 In October 2008, Hogan received a Statement of Breach or Non–Performance, which claimed his loan became delinquent starting April 2008, and had accumulated a delinquent balance of $15,618.08. He also received a copy of the Notice of Trustee's Sale recorded September 28, 2008, which named "Washington Mutual Bank, Successor in Interest to Long Beach Mortgage Company" as the beneficiary and CRC as the Trustee.

¶ 4 A letter dated October 10, 2008, advised Hogan that the Office of Thrift Supervision had closed Washington Mutual; that the Federal Deposit Insurance Corporation ("FDIC") had been appointed Receiver; and that effective September 25, 2008, Chase had acquired "certain assets" of Washington Mutual, including the right to service the loan on his property. Hogan requested that Washington Mutual provide him with an accounting and payment history for his loan with Long Beach, as well as "evidence and documentation" to confirm that it was the successor beneficiary to Long Beach. He made a similar request to Chase.

¶ 5 In September 2009, Hogan filed a complaint against Washington Mutual, CRC and Chase, seeking to stay the trustee's sale and requesting an evidentiary hearing to examine the "current original note" and the instruments conferring standing on the parties to

1. We originally issued our decision in this case in the form of a Memorandum Decision. Appellees filed a Motion for Publication, and we have re-designated our amended decision as an Opinion pursuant to ARCAP 28.

conduct the sale. Hogan asserted that no instrument or recorded assignment of Deed of Trust existed to demonstrate Washington Mutual was the successor in interest to Long Beach with respect to the loan for his property. Chase and CRC agreed to stay the planned trustee's sale, but moved to dismiss the complaint.

¶ 6 In December 2009, Hogan filed a First Amended Complaint against Long Beach, Washington Mutual, Chase and several fictitious individuals and corporations. The complaint requested an accounting of his loan history and documents of the chain of succession from Long Beach to Washington Mutual to Chase ("claim 1"); declaratory relief setting forth the rights and obligations of the parties ("claim 2"); relief pursuant to A.R.S. § 33–420(A) governing the recording of false documents ("claim 3"); a permanent injunction against the trustee sale ("claim 4"); damages for trespass for Washington Mutual changing locks on the house and taking possession of the property ("claim 5"); and damages for negligent harm to the house after Washington Mutual took possession ("claim 6").

¶ 7 In response to the motion to dismiss, Hogan asserted that entities seeking to "enforce rights under the note" must "prove that they are holders of the note." Hogan further asserted that the court should enter partial summary judgment on his request for an injunction because there was no "evidence" of the "transfers of the note" from Long Beach to Washington Mutual to Chase.

¶ 8 In its reply in support of the motion to dismiss, Chase[2] correctly asserted that claim 1 existed only under federal law, characterized claims 2, 3 and 4 as claims based on "UCC principles," which it asserted had no application to mortgages, and asserted that claims 5 and 6 against Washington Mutual should have been filed with the FDIC.

¶ 9 Hogan argued that the fundamental question raised by the motion was "[w]hether Washington Mutual Bank succeeded to the rights of the original note holder by a transfer of the note and deed of trust from Long Beach Mortgage to Washington Mutual." He contended that Chase had produced no documentation to establish the transfer of the note and asserted that Chase had to do so under Arizona law to enforce the note, citing A.R.S. § 47–3301, which defines those entitled to enforce an instrument under the Arizona Uniform Commercial Code ("UCC"). In response, Chase contended that claims based on ownership of the note lacked merit because they "ignore[d] explicit Arizona law giving *the trustee* the right to foreclose." (Alteration in original.)

¶ 10 The court, without explanation, granted Chase's motion to dismiss and denied Hogan's motion for partial summary judgment. The court entered judgment accordingly, denying Chase's request for an award of attorney's fees.

¶ 11 Hogan filed a motion to vacate the judgment, which the court denied. Hogan timely appeals.[3] We have jurisdiction pursuant to A.R.S. § 12–2101(B).

## DISCUSSION

■■■ ¶ 12 We review a trial court's decision granting a motion to dismiss for an abuse of discretion, but review issues of law de novo.[4] *Dressler v. Morrison*, 212 Ariz. 279,

---

**2.** Chase and CRC jointly replied to the motion to dismiss and asked the court to apply both the motion to dismiss and its reply to the "amended complaint" in an effort to "reduce unnecessary filings." Because CRC was not a party to Hogan's First Amended Complaint, we reference these documents as applying to Chase.

**3.** After briefing was complete, Hogan filed a supplemental citation of legal authority that Chase moved to strike or, in the alternative, requested leave to address. *See* ARCAP 17. We deny Chase's motion.

**4.** Hogan suggests that the trial court considered matters extrinsic to the complaint in ruling on

the motion to dismiss and therefore should have treated it as a motion for summary judgment. *See* Ariz. R. Civ. P. 12(b) (requiring that a motion to dismiss for failure to state a claim be treated as one for summary judgment when "matters outside the pleading are presented to and not excluded by the court"). The purpose of this conversion is to give the plaintiff an opportunity to respond when a motion to dismiss includes material extraneous to the complaint. *Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, L.L.C.*, 224 Ariz. 60, 64, ¶ 14, 226 P.3d 1046, 1050 (App.2010). Here, the record demonstrates that Hogan attached documents to his complaint and affidavit, but defendants attached no docu-

281, ¶ 11, 130 P.3d 978, 980 (2006). We accept as true the facts alleged in the complaint and affirm the dismissal only if the plaintiff would not be entitled to relief under any interpretation of the facts susceptible of proof. *Fidelity Sec. Life Ins. Co. v. State*, 191 Ariz. 222, 224, ¶ 4, 954 P.2d 580, 582 (1998). We resolve all reasonable inferences in favor of the plaintiff. *McDonald v. City of Prescott*, 197 Ariz. 566, 567, ¶ 5, 5 P.3d 900, 901 (App.2000).

¶ 13 As an initial matter, we note that Hogan does not dispute that his own default prompted the trustee's sale. Although his complaints below requested an accounting of his loan history from Washington Mutual and Chase, the complaints did not allege that his loan payments were current. Accordingly, the trustee had authority to conduct the sale under the deed of trust, and CRC—named the Trustee in the recorded Notice of Substitution of Trustee—had authority to initiate the trustee sale. *See* A.R.S. §§ 33–804 (providing for the appointment of a successor trustee), –807 ("[A] power of sale is conferred upon the trustee of a trust deed under which the trust property may be sold ... after a breach or default in performance of the contract or contracts, for which the trust property is conveyed as security, or a breach or default of the trust deed."). "Arizona's nonjudicial foreclosure statute does not require presentation of the original note before commencing foreclosure proceedings." *Diessner v. Mortg. Elec. Reg. Sys.*, 618 F.Supp.2d 1184, 1187 (D.Ariz.2009). *See also Mansour v. Cal–W. Reconv. Corp.*, 618 F.Supp.2d 1178,

1181 (D.Ariz.2009) (rejecting plaintiff's " 'show me the note' argument" because "Arizona's judicial foreclosure statutes ... do not require presentation of the original note before commencing foreclosure proceedings").[5]

¶ 14 Although CRC was named in Hogan's original complaint, it was not named in the First Amended Complaint. On appeal, Hogan does not challenge CRC's authority to conduct the sale. *See Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167, 920 P.2d 41, 47 (App.1996) ("Issues not clearly raised and argued in a party's appellate brief are waived."). At this point, therefore, Hogan's claims could only relate to the process by which the sale was conducted or the distribution of proceeds from it. *See* A.R.S. §§ 33–801 through –821. (Any argument concerning process would be premature, as the sale has yet to occur).

¶ 15 Instead of challenging CRC's authority to conduct the sale, Hogan challenges Washington Mutual's authority to "foreclose" on the promissory note, asserting that the note is a "negotiable instrument" subject to the UCC. He concludes that because no evidence establishes that Washington Mutual is a "person entitled to enforce" the note pursuant to A.R.S. § 47–3301, it has no "legal right to foreclose." [6] We disagree because Hogan's focus on the note is misplaced.

¶ 16 Even assuming that the note is an instrument governed by the UCC, Chase has not brought an action on the note, but seeks to conduct a sale pursuant to the deed of trust.[7] Hogan's complaint was directed at

---

ments to their motion to dismiss. Notice of Intent to Foreclose letters addressed to Hogan were attached to the Reply in Support of Motion to Dismiss and Response in Opposition to Plaintiff's Motion for Partial Summary Judgment, but those letters were offered in response to Hogan's contention that defendants failed to give proper statutory notice. Accordingly, the documents were known to Hogan and the purpose for the conversion was not implicated. *Id.* We therefore conclude that there was no need to convert the motion to dismiss to a motion for summary judgment.

5. Although *Mansour* refers to "judicial foreclosure statutes," it cites A.R.S. § 33–807, which governs deed of trust sales. 618 F.Supp.2d at 1181.

6. A.R.S. § 47–3301 defines a person entitled to enforce an instrument as "the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to § 47–3309 or § 47–3418, subsection D. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument." A.R.S. § 47–3309 relates to lost, destroyed or stolen instruments, while –3418 relates to instruments paid or accepted by mistake.

7. This fact distinguishes the situation at bar from the case law from other jurisdictions that Hogan cites in his opening brief for the proposition that a party who brings an action to enforce *a promis-*

preventing the trustee sale and he offers no authority that a non-judicial foreclosure of a deed of trust must comply with the UCC. *See In re Krohn*, 203 Ariz. 205, 208, ¶ 8, 52 P.3d 774, 777 (2002) ("[D]eed of trust sales are conducted on a contract theory under the power of sale authority of the trustee."); *Binder v. Fruth*, 150 Ariz. 21, 22, 721 P.2d 679, 680 (App.1986) ("Deeds of trust are creatures of statute in Arizona."). *Cf. Mansour*, 618 F.Supp.2d at 1181 (rejecting UCC argument).

¶ 17 In addition, the deed of trust is not itself a negotiable instrument subject to the UCC provision defining the "person entitled to enforce" an instrument. *See* A.R.S. § 47–3301. A "negotiable instrument" under the UCC is "an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order...." A.R.S. § 47–3104. A "deed of trust" is a deed "conveying trust property to a trustee or trustees ... to secure the performance of a contract or contracts...." A.R.S. § 33–801(8). A deed of trust is neither an unconditional promise to pay money nor an order and so is not an instrument covered by the UCC.

¶ 18 In his reply brief, Hogan argues for the first time that the note and deed of trust are inseparable and that the ownership of the deed of trust "is meaningless because only the holder of the note can foreclose." He further argues that A.R.S. § 47–3117 codifies the proposition that the note and the mortgage must be construed together.

¶ 19 This court does not address arguments made for the first time in the reply brief. *In re Marriage of Pownall*, 197 Ariz. 577, 583 n. 5, ¶ 25, 5 P.3d 911, 917 n. 5 (App.2000). In any event, we would reject Hogan's argument because A.R.S. § 47–3117 has no application to the situation at bar. That statute provides that an obligation under an instrument can be modified by a separate agreement, and to the extent that an agreement modifies an obligation, the agreement is a defense to that obligation. Here, Hogan is not asserting a defense against the obligation of the note based on a modification in the deed of trust; rather, he

*sory note* must establish that he or she is the

challenges the propriety of the intended trustee's sale.

### CONCLUSION

¶ 20 The trial court's decision is affirmed.

¶ 21 Chase requests an award of attorney's fees on appeal but provides no authority supporting such an award. We therefore deny the request. *Country Mut. Ins. Co. v. Fonk*, 198 Ariz. 167, 172, ¶ 25, 7 P.3d 973, 978 (App.2000) (request for fees on appeal will be denied where party fails to state any substantive basis for the request). However, as the successful party, Chase is entitled to its costs upon its compliance with ARCAP 21(c). *Bailey–Null v. ValueOptions*, 221 Ariz. 63, 72, ¶ 31, 209 P.3d 1059, 1068 (App.2009).

CONCURRING: PATRICK IRVINE and MAURICE PORTLEY, Judges.

holder or legal owner of the note.